```
UNITED STATES DISTRICT COURT
   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **JEFFREY WHITAKER,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>   **Defendant.** | No. 18-cv-15163 (NLH) (AMD)<br><br><br>OPINION |

APPEARANCE:
Jeffrey Whitaker, No. 70478-050
Federal Medical Center
P.O. Box 4000
Springfield, MO 65801
 Plaintiff Pro se

HILLMAN, District Judge

 Plaintiff Jeffrey Whitaker, presently incarcerated at the Federal Medical Center in Springfield, Missouri, seeks to bring a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq. ("FTCA"), against the United States of America. See ECF No. 1.

 At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint

1

without prejudice for failure to state a claim, with leave to amend. 28 U.S.C. § 1915A(b)(1).

I.  BACKGROUND

Plaintiff states that he has been charged with violating 21 U.S.C. § 846. (ECF No. 1 at 1). He asserts his innocence. (Id.). "Plaintiff claims unlawful imprisonment and a violation of his Sixth Amendment right to a public trial by an impartial jury." (Id. at 2). He demands immediate release from detention and $75,000 in damages. (Id. at 3).

II.  STANDARD OF REVIEW

Section 1915A requires a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). This complaint is subject to screening under § 1915A because Plaintiff is suing the United States.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff's complaint contains little in the way of facts, but it does indicate that Plaintiff is currently charged with violating 21 U.S.C. § 846.  See also United States v. Whitaker, No. 17-cr-0015 (D.N.J. filed Jan. 18, 2017).  Plaintiff's criminal case is ongoing before this Court.

Plaintiff cannot bring a Bivens suit for damages against the United States.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted).  See also Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007) (noting that the United States is immune from Bivens claims).

Plaintiff has also failed to state claims under the FTCA for false arrest or false imprisonment.  In addition to failing to provide the Court with any facts that would enable the Court

to determine whether Plaintiff's claims are plausible,[1] he has not provided the Court with anything that indicates that he has satisfied the jurisdictional requirements of filing a FTCA claim in federal court.

Before filing a suit in federal court, a plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010). "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." Id. (citing United States v. Sherwood, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. Id. (citing Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)). Plaintiff does not state in his complaint that he presented the United States with notice of his claim and waited the required six months before he filed his complaint.

---

[1] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995).

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915A] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

IV. CONCLUSION

For the reasons stated above, Plaintiff's constitutional claims against the United States are dismissed with prejudice, but he may move to amend his FTCA claim if he can meet the jurisdictional requirements. An appropriate order follows.


Dated: _October 30, 2019_____     ___s/ Noel L. Hillman_____
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.